**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RANDY SCOTT, | : | |
| Plaintiff, | : | Civil Case No. 09-2694(SDW) |
| v. | : | **O P I N I O N** |
| DET. EDMUND GALINSKI, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Randy Scott, Pro Se
# 10303
Sussex County Jail
Newton, NJ 07860

**WIGENTON, District Judge**

Plaintiff, Randy Scott, currently incarcerated at the Sussex County Jail, Newton, New Jersey, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff has submitted a civil complaint, along with attached exhibits.  The following facts are taken from the complaint and exhibits.

Plaintiff seeks to sue police officers involved in his arrest.  He states that on November 20, 2008, he was arrested along with three other individuals.  Plaintiff states that he was the only one charged with drug offenses, and that the arrest was based on racial profiling.  According to the police reports submitted with the complaint, it appears that Plaintiff was under surveillance by the Sussex County Narcotics Task Force.  Plaintiff's car pulled into a parking lot, where Plaintiff met with the other three individuals.  At the parking lot, Plaintiff was found to be in possession of heroin.  A search warrant was obtained, and a search of Plaintiff's vehicle revealed a bag of heroin.  Further, a frisk of Plaintiff's person revealed more heroin, including over fifty small glassine envelopes of heroin.  Plaintiff was charged with possession of heroin with intent to distribute, bail was assessed, and Plaintiff is being detained pending trial.  A judge granted a search warrant and signed the arrest warrant, finding probable cause for the issuance of the complaint against Plaintiff.

Plaintiff asserts that the drugs were found as a result of an illegal search.  He asks the court to "please investigate and prosecute as the law deems proper."

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can

3

be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that

4

>   discovery will reveal evidence of" the necessary
>   element.

Phillips, 515 F.3d at 234 (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

>   Every person who, under color of any statute,
>   ordinance, regulation, custom, or usage, of any State
>   or Territory ... subjects, or causes to be subjected,
>   any citizen of the United States or other person within
>   the jurisdiction thereof to the deprivation of any
>   rights, privileges, or immunities secured by the
>   Constitution and laws, shall be liable to the party
>   injured in an action at law, suit in equity, or other
>   proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v.

Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Will Be Dismissed.**

Liberally construing the complaint, Plaintiff alleges an illegal search and seizure claim concerning the events of November 20, 2008.

First, the Court notes that "mere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983)(quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)). District courts do not "sit as super state supreme courts for the purpose of determining whether [issues] were correct under state law." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

Thus, to the extent that there is an ongoing, pending state criminal proceeding, Plaintiff must raise any constitutional challenges he has with respect to the state criminal charges in his state court criminal case. A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

6

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Plaintiff's criminal trial is apparently pending; thus, state proceedings implicating important state interests are ongoing and Plaintiff has the opportunity to raise his federal search and seizure claims in that proceeding.  Accordingly, this Court is constrained by Younger to dismiss Plaintiff's application to declare his constitutional rights violated.

Second, if Plaintiff is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal

7

constitutional or statutory law.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Thus, Plaintiff's allegations as to the unlawful search and seizure are premature at this point, under Younger and Preiser, and must be dismissed.[1]

## CONCLUSION

For all of the foregoing reasons, Plaintiff's civil complaint, filed pursuant to 42 U.S.C. § 1983, shall be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.  An appropriate order follows.

                                        s/Susan D. Wigenton_____
                                        SUSAN D. WIGENTON
                                        United States District Judge

Dated: August 4, 2009

---

[1] Liberally construing the complaint, Plaintiff may be asserting a false arrest claim.  However, to state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  In this case, a judge determined that there was probable cause for the charges.  See Plaintiff's Exhibits to complaint, "Complaint- Warrant".  The facts alleged by Plaintiff in his complaint and the exhibits, are sufficient to establish probable cause for arrest.  Thus, Plaintiff has failed to state a claim for false arrest.